CAPITAL HOMES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, RELATOR-RESPONDENT, v. C. FRED DANDROW, AND THE TOWNSHIP OF TEANECK, RE-SPONDENTS-APPELLANTS.

Argued May 19, 1939—Decided September 22, 1939.

For the relator-respondent, *Davies & Davies* (*Frank J. Davies,* of counsel).

For the respondents-appellants, *Donald M. Waesche.*

PER CURIAM.

The question raised on this appeal is whether or not the building zone ordinance of the township of Teaneck, appel-

lant, prohibits the building of an apartment house on property of relator-respondent on Teaneck road.

Finding that it did not, Mr. Justice Heher, sitting below as a single justice, granted a writ of *mandamus* to compel the appellant to grant a building permit. We are in accord with his conclusions.

The boundaries of the various zones are provided for in section 14 of the ordinance by reference to an accompanying map which is expressly made a part thereof. This map clearly shows that Teaneck road is zoned for business, which includes apartment houses, for a distance of one hundred and fifty feet back from its frontage on both sides of the road. Section 14 reads as follows: "The boundaries are, unless otherwise indicated upon the building zone map, either street lines or lines drawn parallel to and one hundred and fifty feet back from one or more of the street lines bounding the block. Where two or more designations are shown within a block three hundred feet or less in width, the boundary of the more restricted zone shall be deemed one hundred and fifty feet back from the street line, and where two or more zone designations are shown within a block more than three hundred feet in width, the boundary of the less restricted zone shall be deemed one hundred and fifty feet back from the street line."

It appears that a street called Allen Court is shown on an assessment map of the municipality. It is in the rear of relator's property and runs parallel to Teaneck road. Allen Court is not shown on the zoning map. This reduces the size of the block, as it appears on the zoning map, to less than three hundred feet in width. Appellant states that Allen Court is restricted to single-family dwelling houses. It is argued, therefore, that that classification applies to the frontage on Teaneck road under the above quoted portion of section 14 of the ordinance.

It does not appear when Allen Court was laid out and zoned, nor is it material.

The assessment map bears no relationship to the question of zoning. The zoning ordinance and map, which forms a part of it, must govern and control. Clearly under it the

relator's property was zoned for business or apartment house purposes. It was entitled to the permit and there was no abuse of discretion in the granting of the writ of *mandamus* to compel the granting of it.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.